## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 22-01676 |
| ESJ TOWERS, INC. d/b/a MARE ST. CLAIR HOTEL | CHAPTER 11 |
| Debtor | |

### EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE

COMES NOW Debtor, ESJ Towers, Inc., through its undersigned counsel and respectfully states and requests:

1. On June 10, 2022, Debtor filed its voluntary petition for relief under 11 U.S.C. Chapter 11 in the captioned case and as of that date has been managing its affairs and operating its business as a debtor-in-possession, as provided for in 11 U.S.C. § § 1107 and 1108.

2. Upon the filing of Debtor's 11 U.S.C. Chapter 11 petition the automatic stay provisions of 11 U.S.C. § 362(a)(1) were triggered.

3. 11 U.S.C. § 362(a)(1) states:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title
>
> ….
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title

4. Debtor has a Lodging Agreement (the "Agreement") with Expedia, Inc., which is

executory and in full force and effect.

5. Notwithstanding the provisions of 11 U.S.C. § 362(a)(1) and (6) and the fact that Debtor has paid in full Expedia, Inc. for its post-petition services, Expedia, Inc., through an electronic correspondence from Mr. Marcelo Góes, Expedia, Inc.'s Credit Control Collector, dated August 3, 2022, decided to suspend Debtor from booking hotel sales through Expedia, Inc.'s portals, purportedly based on a reply from Expedia, Inc.'s legal and corporate affairs department (**Exhibit A**).

6. Expedia, Inc.'s suspension of Debtor's hotel sale from Expedia, Inc.'s portal has caused and is causing Debtor a disruption in its operations, due to the ensuing limitation in booking guests to Debtor's detriment and that of Debtor's estate.

7. Expedia, Inc. has previously been admonished of the illegality of its aforesaid actions, as indicated in **Exhibit B** hereto, which resulted in Expedia, Inc.'s temporary restoration of Debtor's sales through Expedia, Inc.'s portals until the suspension of August 3, 2022. Consequently, Expedia, Inc.'s illegal action in violation of 11 U.S.C. § 362(a)(1) is of a willful nature, warranting the imposition of sanctions, damages and attorney's fees thereon.

8. It is well established that the scope of Section 362(a) is ample. All proceedings are stayed, including arbitrations, renewal of licenses, both of an administrative or a judicial nature.

9. It is a cardinal principle that actions in violation of the automatic stay are void and without effect, except in limited circumstances based on equitable principles. *In re Bloom*, 875 F.2d 224 (9th Cir. 1989); *In re Colonial Realty Co.*, 980 F.2d 125 (2nd Cir. 1992); *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905 (6th Cir. 1993); *In re Soares*, 107 F.3d 969 (1st Cir. 1997); *In re Vierkant*, 240 B.R. 317 (B.A.P. 8th Cir. 1999); *Far Out Prods. v. Oskar*, 247 F.3d 986 (9th Cir.

2001); *In re Somerset, Inc.*, 2013 Bankr. LEXIS 2929 (Bankr. D. Id. 2013); *In re Empresas Martinez Valentin Corp.*, 2017 Bankr. LEXIS 941 (Bankr. D.P.R. 2017).

10. In the case of *In re Empresas Martinez Valentin Corp.*, supra, this Court held that in the First Circuit actions in violation of the automatic stay are void, without any legal effect, including judicial orders.

11. The violation of the automatic stay constitutes a violation of an order of the bankruptcy court and as such a contempt thereto, exposing the violator(s) to sanctions, damages and attorneys' fees. The Bankruptcy Code provides a debtor with remedies for violations of the automatic stay.

12. Punitive damages usually require more than mere willful violation of the automatic stay. Relevant factors are: (1) **the nature of the creditor's conduct**; (2) the creditor's ability to pay damages; (3) **the motive of the creditor**; and (4) any provocation by the debtor. (Emphasis added) *In re Heghmann,* 316 B.R. 395, 404 (1st Cir. B.A.P. 2004), 405 citing *In re Sumpter*, 171 B.R. 835 at 845 (Bankr. N.D. Ill. 1994)

13. The primary purpose of punitive damages awarded for a willful violation of the automatic stay is to cause a change in the creditor's behavior; . . . [and] . . . the prospect of such change is relevant to the amount of punitive damages to be awarded. *In re Heghmann*, supra, 406 citing *In re Dunning*, 269 B.R. 357, 363 (Bankr. N.D. Ohio 2001)

14. The First Circuit has joined other circuits by deciding that non-individuals, including corporations, as Debtor, can recover for violation of the automatic stay under the contempt powers of the bankruptcy court through Section 105(a) of the Bankruptcy Code[1]. *In re*

---

[1] (a)The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No

*Empresas Martinez Valentin Corp.*, supra, p. 22-23; *In re El Comandante Mgmt. Co., LLC*, 358 B.R. 1, 11 (Bankr. D.P.R. 2006).

15. As decided in *Accusoft Corp. v. Palo*, 237 F.3d 31, 41 (1st Cir. 2001), the injunction of the automatic stay qualifies as an order of the bankruptcy court. *In re San Angelo Pro Hockey Club, Inc.*, 292 B.R. 118, 124 (Bankr. N.D. Tex. 2007). The automatic stay is a self-executory injunction and therefore, for purposes of contempt, constitutes such an order.

16. Expedia, Inc. has been advised and has knowledge of the effectiveness of the automatic stay in the captioned case and as such any violation thereof is intentional, the last requirement for such a violation to be considered contempt of this Court. *In re Empresas Martinez Valentin Corp.*, supra, p. 23 citing *In re Pace*, 67 F.3d 187, 191 (9th Cir. 1995); *In re Ruiz*, 2021 Bankr. LEXIS 3504 (Bankr. D.P.R. 2021); *In re De Jesus Saez*, 721 F.2d 848 (1st Cir. 1983); *In re Ruiz*, 2017 Bankr. LEXIS 714 (Bankr. D.P.R. 2017). Under Section 105(a), the Court has discretion to grant damages for a willful violation of the automatic stay. *In re Empresas Martinez Valentin Corp.*, supra, at p. 23, referring to *In re A&J Auto Sales, Inc.*, 210 B.R. 667, 671 (Bankr. D. N.H. 1997)

17. As provided for in Local Bankruptcy Rule 9013(f), Debtor has carefully examined the matters set forth herein and has concluded that there is a true need for the disposition of the instant motion immediately, and has not created the emergency trough any lack of due diligence.

**WHEREFORE,** it is respectfully requested that an order be entered directed to Expedia, Inc., through its Credit Control Collector, Mr. Marcelo Góes, to appear before the

---

provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Court, to show cause for its violation of 11 U.S.C. § 362(a)(1) and (6), and as to why Expedia, Inc. should not be found in contempt of this Court, directed to restore its services to Debtor, and as to why sanctions, damages and attorney's fees should not be imposed thereon, as provided in the form of the order attached as **Exhibit C** hereto.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants of CM/ECF, and sent a copy via e-mail to Expedia, Inc.'s Credit Control Collector, Mr. Marcelo Góes to his e-mail address: expediacollections@expedia.com.

San Juan, Puerto Rico, this 4th day of August 2022

s/CHARLES A. CUPRILL-HERNANDEZ
**USDC-PR 114312**
Charles A. Cuprill, P.S.C. Law Offices
**Counsel for Debtor**
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com