**IN THE UNITED STATES BANKRUPTCY COURT FOR
FOR THE DISTRICT OF PUERTO RICO**

**IN RE:
ESJ TOWERS INC
DBA Mare Hotel**

**Debtor in Possession**　　　　　　　　　　　　　**Case #22-01676** (ESL)
　　　　　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**

―――――――――――――――――/

**MARIA SANDRA ROLDOS REQUEST FOR THE APPOINTMENT OF A
CHAPTER 11 TRUSTEE**

**TO THE HONORABLE COURT**:

**COMES NOW**, Maria Sandra Roldos (herein "creditor" and deeded owner) a party in interest, by and through its legal counsel, who hereby files the instant *Motion Requesting the Appointment of a Trustee Pursuant to The Provision of Section 11 USCA 1104(3)*, and respectfully states and prays as follows:

**I.　　INTRODUCTION**

As more fully set forth, *infra*, the "creditor" will demonstrate various basis upon which the request for the appointment of a trustee should be granted.

**II. PROCEDURAL BACKGROUND**

2-1. The present case was filed on June 6, 2022.

2-2. On September 16, 2002 (Adv. # 22-00070) a complaint, requesting this Honorable Court the piercing of the corporate veil of Debtor in Possession pursuant to the Puerto Rico and on equitable grounds.

1

2-3 On September 26, 2022, an adversary proceeding captioned Adv.22-0072 was also filed by the Homeowners Association for the recovery of money and or property.

2-4. Movant requests that nay all allegations made in both of the adversary proceeding be deemed incorporated in present motion, in support of the appointment of a Trustee.

2- 5 As such movant filed before DACO a querela regarding the lack of access to the administration office, thus impairing all deeded owners as member of the "Council of Owners", to convene an Assembly whereby a Board of Director be named, and Administrator be also named.

### III. DISCUSSION

**MARIA SANDRA ROLDOS' REQUESTS PURSUANT TO THE PROVISIONS OF SECTION 1104(B)(3) THE APPOINTMENT OF CHAPTER 11 TRUSTE IN THE BEST INTEREST OF CREDITORS AND THE ESTATE**

3-1. Movant Maria Sandra Roldos is a deed owner of several interval in certain apartments in the ESJ Towers Condominium, thus as a member of the "Consejo de Titulares (council of owners), she is a party interest as provided for in 11 USCA 1109(b) "*may raise and appear and be heard on any issue in a case under this chapter*'"

3-2 Section 1112(b)(1) states:

> ..........
> *Except as provided in paragraph 92) and subsection ©, on request of a party of interest, and after notice and hearing, the court shall convert a case under the chapter to a case under chapter 7 or dismiss the case under this chapter, whichever s in the best interest of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) or an examiner is I the best interest of creditor and* the estate.

2

When read together §§1112(b)(1) and 1104(a)(1) require a court to consider three alternatives. If cause has been shown by the moving party, the court could consider whether do dismiss, convert the case to one under Chapter 7 or appoint a Chapter 11 trustee, whichever results in the best interest of creditors *In re Keven Mckenna PC* 2011 WL 2214763(May 31, 2011). Section 1112 and 1104 read together require the court to make a finding as to what remedy is in the best interest of the creditor and the estate, is the expanded possibility in Chapter 11 for a trustee using independent judgment and good management to direct the affairs of the estate including the ongoing operation in order to optimize recovery for the creditors and the estate. *In re TP Inc.* 455 BR 455(Bankr. N.C, April 21, 2011) (court appointed a chapter 11 trustee) *In re Sydnor* 431 BR 584(Bankr. Md. 2010)

3-3 It is Movant's contention that a Chapter 11 Trustee "need to be appointed in order to preserve the rights of the owners of the units and or apartments as provided in the Puerto Rico Condominium Act of 2020() which states:

"The owner of an apartment submitted to the Horizontal Property Regime is entitled to full enjoyment of this apartment and the common elements...

3-4 After cause under Section 1112(b)(4) has been shown for the dismissal or conversion of the case, the next question is to determine whether dismissal or conversion is in the best interest of creditors and the estate. This decision should be based on the best interest of creditors as a collective group. *See*, *Quarles v. United States Trustee*, 194 B.R. 94, 97 (W.D. Va. 1996). Thus, the determination requires the court to balance the interests

3

of creditors on a case-by-case basis. *In re Staff Inv. Co.*, 146 B.R. 256, 260 (Bankr. E.D. Cal. 1992). If there is no consensus between the creditors, a prudent decision should consider how creditors' rights as a whole would fare in a Chapter 7 vis-à-vis under state law. *See In re Continental Holdings, Inc.*, 170 B.R. 919, 928 (Bankr. N.D. Ohio 1994).

3-5. In the particular case before the Court, it is Movant's position that the appointment of Chapter 11 Trustee, is in the best interest of the creditors and members of the council of owners in the Condominium ESJ Towers.

**A. Standing to Request the appointment of a trustee under section 1104(a)(3)**

**3-6** Section 1104(a) of the Bankruptcy Code provides in its relevant part:

> *(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee and after notice and a hearing, the court* **shall** *order the appointment of a trustee_*
> *(1) For cause, including fraud, dishonesty**, incompetence, or gross mismanagement of the affairs** of the debtor by current management, either before or after the commencement of the case or similar cause......"*

3-7. A "party in interest" as defined by the Code, includes a creditor. 11 U.S.C. '1109(b).

3-8. A fundamental purpose of section 1109 (b) is to grant any party with a financial stake in the case the right, at the party's election, to participate with respect to the judicial determination of any issue bearing on the ultimate disposition of his or her interest. 7 Collier on Bankruptcy section 1109.04(15 Ed.)

4

**B: Grounds for the appointment of a trustee**

3-9 Movant request that this Honorable Court take judicial notice of the allegations in the aforementioned adversary proceedings, which denote a dereliction of the obligation of the Administrator (debtor in Possession) up to the filing of the present petition, which justifies gross management which constitutes cause for the appointment of a Trustee

3-10 Failure to properly ascertain which units actually belong to debtor in Possession, or the transfer of said units. Let it be noted that Debtor's President; Connexus LLC"s administrator. and Around the World Holding 's managing partner are one and the same person Mr. Keith St Clair. As inanimate entities, corporations must act through agents, thus actions or determination must necessarily be undertaken by the individuals empowered to act on behalf of the corporation. Evaluation of the transactions between the related entities, and the assertion of causes of actions against the officers and directors of said entities, with clearly the overlapping of officers and or managing officers of the related entities may never be addressed.

**C. Equitable Grounds**

Particularly important in this regard is the policy behind the Bankruptcy Code, which seeks Ato encourage financial restructuring and payments to creditors while preserving jobs and shareholder interests@. *Id. citing In re Schlangen*, 91 B.R. 834,837 (Bankr. N.D. Ill. 1988). As a mechanism to ascertain that a Chapter 11 case has the potential of serving these purposes, the bankruptcy courts have adopted the good faith standard. *In*

*re Schlangen, supra,* at 837. In determining whether good faith is absent, courts have preferred to consider objective factors rather than intent. *Matter of HBA East, Inc.* 87 B.R. 248, 259 (Bankr. E.D. N.Y. 1988).

Amongst the factors considered by other courts that are relevant to this case are:(1), that the debtor has no ongoing business after the sale is confirmed; and (2) that rehabilitation of the debtor's business is improbable. *In re Schlangen*, at 837, *citing: Matter of HBA East, Inc.*, at 259; *In re Clinton Centrifuge, Inc.*, 72 B.R. 900, 904 (Bankr. E.D. Pa. 1987); and *Matter of Grieshop*, 63B.R. 657 (N.D. Ind. 1986). In order for the dismissal of the case to be proper, the totality of the facts and not one factor in particular must show that there is no legitimate purpose in maintaining the Chapter 11 case. *In re Little Creek Development Co.*, 779 F.2d1068, 1072 (5th Cir. 1986).

### IV. VIOLATION OF FIDUCIARY DUTIES BY DEBTOR IN POSSESSION ARE CAUSE FOR THE APPOITMENT OF CHAPTER 11 TRUSTEE

4-1. Debtor, as debtor in possession in this Chapter 11 proceeding, is a fiduciary of the bankruptcy estate and is therefore required to protect and conserve property *for the benefit of creditors*. In re Airway Indus., Inc., 354 B.R. 82, 89 (Bankr. W.D. Pa. 2006) (Emphasis added) Under the "trust fund doctrine" when a corporation becomes insolvent, "the equitable interest of the stockholders in the property, together with their conditional liability to the creditors, places the property in a condition of trust, *first, for the creditors, and then for the stockholders."* In re Mortgage America Corp., 714 F.2d 1266 (1983) (*quoting* Hollins v. Brierfield Coal & Iron Co., 150 U.S. 371, 383. (Emphasis

6

added).

4-2. Because a corporation acts though its officers and directors, directors are required to act as trustees of the bankruptcy estate, which consists of all of the debtor's property and rights. The Bankruptcy Code describes the functions of the trustee to include accountability for the property of the estate, reporting in the operation of the business, and formulating and filing a plan of reorganization for the debtor, among others. 11 U.S.C. 1106. As the Supreme Court recognized: "[T]he willingness of courts to leave debtors in possession is premised upon an assurance that the officers and managing employees can be dependent upon to carry out the fiduciary responsibilities of a trustee." Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 355 (1985) (*quoting* Wolf v. Weinstein, 372 U.S. 633 (1963))

4-3. Moreover, because a debtor-in-possession stands in a fiduciary duty relationship with his creditors, his fiduciary obligation includes refraining from acting in a manner which could damage the estate or hinder a successful reorganization of the business. In re Sharon Steel Corp., 86 B.R. 455, 457 (Bankr. W.D. Pa. 1988) subsequently aff'd, 871 F.2d 1217 (3d Cir. 1989). Thus, this fiduciary duty would require directors to treat all creditors equally and to prohibit directors from withdrawing corporate assets for the benefit of themselves, shareholders, or some preferred creditors.

## V. CONCLUSION

Movant represents to the Court that in the present case, the appointment of Chapter 11 trustee pursuant to the provisions of 1104(a)(3) is in the best interest of the estate in general, It will be beneficial to the various constituencies in these proceedings,

as it will halt the depletion of debtor's assets, it will guarantee control over the substantial amounts of money that are generated by the debtor's business, it will lead to an accounting of exactly what happened to the significant assets that formed part of the debtor's estate in the not too distant past, and it may lead to evidence that would allow for the return of some of those assets to the estate for the benefit of creditors. Additionally, the trustee would ensure that the continuity and protection of all members of the counsel of Owners and provide for the proper handling inherent to the administration of the ESJ Condominium.

**WHEREFORE,** Maria Sandra Roldos, very respectfully prays that the present motion be entertained by this Honorable Court and that after notice and hearing if required that an order be entered appointing a Chapter 11 Trustee and for any other and further relief as it may seem just and proper.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will

be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 29th day of September 2022

I HEREBY CERTIFY, that on this same date I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send notification to the following, counsel for Debtor in Possession, U.S. Trustee's Office, and any other party that has requested notice. Additionally copy of this motion shall be served by regular US mail to non-CM/ECF participant creditors per mailing list attached.

> S/ Isabel M Fullana
> USDC #126802
> Isabel Fullana Fraticelli & Assoc PSC
> 268 Ponce de León Ave.
> Suite 1002
> Hato Rey, PR 00918
> Tel 787-250-7242
> Fax 787-756-7800
> E-mail ifullana@gaflegal.com
> Isabelfullana@gmail.com

10