IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF PUERTO RICO

IN RE:

ESJ TOWERS, INC. D/B/A
MARE ST. CLAIR HOTEL,

CASE NO.: 22-01676 (ESL)
CHAPTER 11

DEBTOR.

### RESPONSE OF THE UCC TO DEBTOR'S MOTION
### TO DISMISS CREDITORS' COMMITTEE

The Official Committee of Unsecured Creditors (the "UCC" or the "Committee") of ESJ Towers, Inc. (the "Debtor"), by its undersigned counsel in the above-captioned Chapter 11 case (the "Case"), respectfully submits this response to Debtor's Motion to Dismiss Creditors' Committee, as filed on March 19, 2024 (the "Dismissal Motion") [Doc 1660].

In view of the events that have transpired since the Debtor filed its Dismissal Motion, the motion requires little response.

In the Combined Motion of the UCC and Committee Counsel to Inform the Court of Counsel's Medical Emergency and of the Committee's Sale-Related Conduct (the "Informational Motion"), the Committee's lead (and undersigned) counsel, Jonathan Backman, described the roughly 10-day series of events that culminated in the Debtor's filing of the Dismissal Motion on March 19, 2024.

In short, after Mr. Backman determined that the HOA possessed a conflict of interest that precluded it from voting on Committee decisions with respect to the Debtor's pending sale motion, the HOA via its Chairperson, Chana Cohen, who also represents the HOA on the Committee, responded by persuading another Committee member to vote to terminate Mr. Backman as Committee counsel.  Then, while Mr.

Backman was undergoing emergency hip surgery, Ms. Cohen and the (duped) Committee member, through misleading information, persuaded the Committee's local counsel, Julio Alejandro, to file an objection to the Debtor's proposed bidding procedures and the sale itself. Finally, after Mr. Backman was discharged from the hospital and had the opportunity to contact Mr. Alejandro to explain what had occurred, the Committee (through the same two Committee members) voted to terminate Mr. Alejandro as well.

In the week following the Debtor's filing of the Dismissal Motion, the Committee investigated the foregoing events. And on March 27, 2024, eight days after the filing of the Dismissal Motion, the Committee voted to reverse its termination of Messrs. Backman and Alejandro as lead and local counsel, respectively.

After Mr. Backman notified the Debtor's counsel of the Committee's decision, and then engaged in a series of follow-up discussions with him, the Debtor informed Mr. Backman that it was prepared to withdraw its motion; indeed, the Debtor recognizes that the Committee, with Mr. Backman at the helm, has a vital role to play in the upcoming sale, in the plan confirmation process, and in pursuing Chapter 5 claims (especially claims as to which the Debtor would face its own conflict of interest in deciding whether to pursue).

The Debtor, however, has conditioned its withdrawal of the Dismissal Motion — and its willingness to delegate to the Committee the authority to pursue the Debtor's Chapter 5 and related claims — on the removal of the HOA as a member. And although no point exists in the Committee disputing that Ms. Cohen allowed her position as the Chair of the HOA to impact her work on the Committee, the Committee

2

does not agree that removing the HOA — one of the largest, if not the largest, unsecured creditor — from the Committee (especially at the behest of the Debtor) represents the appropriate course of action at this critical juncture of the Case, for a number of reasons.

For one, as a technical matter, the Debtor is not the proper party to be seeking the reconstitution of the Committee based on a Committee member's misuse of its position on the Committee. For the law is settled that whereas committee members have fiduciary duties "to all creditors represented by the committee, they are not owed to debtor." *In re Fas Mart Convenience Stores, Inc.*, 265 Bankr. 427, 432 (Bankr. E.D. Va. 2001) (citations omitted). Thus, a significant question exists as to whether the Debtor has standing to pursue the dismissal of the Committee, or its reconstitution, based on the breaches of fiduciary duty at issue here.

Of course, had the Committee not recognized its error, the Debtor could have opposed the Committee attorneys' motions to withdraw as Committee counsel given the cost the Debtor could have incurred as yet another attorney raced to educate himself or herself regarding the central issues in this Case. But the Committee's decision to retain its current counsel has mooted this issue.

Indeed, as the United States Trustee argued — and implored the Committee — in her response to the Dismissal Motion, the imperative at this stage of the case is for the Committee to establish "a roadmap towards future harmonious performance of its duties." United States Trustee's Position as to Motion to Dismiss Creditor's Committee [Doc 1686] at 4 ¶ 13. And the Committee has done just that, by (i) unwinding its efforts to terminate Messrs. Backman and Alejandro, and (ii) obtaining

the assurances of the HOA's representative and its counsel that the HOA would abstain from voting on, and where necessary, recuse itself from deliberations regarding, the Committee's position as to which the HOA's interests are adverse to those of general unsecured creditors.[1]

What's more, the Debtor itself has acknowledged both (i) that "having a true creditors committee is important for plan confirmation and the pursuit of Chapter 5 claims," *id.* at 4 ¶ 14 (citation omitted), and (ii) that Mr. Backman has acted aggressively to ensure that Committee members, and especially the HOA, not allow their individual interests to impact the Committee's positions.  Thus, the Committee has addressed and resolved the Debtor's concerns about the HOA handpicking an attorney who would turn the Committee into an arm of the HOA.

Finally, while the HOA and the Committee unquestionably are adverse on certain issues pertaining to the upcoming sale (most poignantly, on this Court's power to approve a sale free and clear of the HOA's claims for maintenance fees), they are

---

[1]     Although the U.S. Trustee also suggested that the Committee identify in its response to the Dismissal Motion its accomplishments to date, the Committee is uncomfortable doing so at this time because (a) its most concrete successes have come from behind the scenes negotiations with various parties in interest, and (b) the Committee has devoted an extensive amount of its time and energy since its engagement of Mr. Backman investigating and collecting information for its pursuit of Chapter 5 and related claims, the disclosure of which at this juncture could jeopardize those investigations.  Suffice it to say for now, however, that whereas Parliament has challenged the Oriental Bank carve-out as to virtually all of the intended carve-out beneficiaries, the Debtor's modification of the proposed Sale Order's carve-out language (at Mr. Backman's request) has resulted in Parliament essentially acknowledging that the $750,000 carve-out for general unsecured creditors has been properly memorialized in the proposed sale documents.  *See* Parliament High Yield Fund, LLC's Objection to Debtor's Joint Motion for the Entry of Sale Order and Other Relief [Doc 1408] at 4.

aligned on many issues, including (a) maximizing the recovery on Chapter 5 claims,[2]

(b) preserving the Oriental Bank carve-out, and (purchaser liability aside), (c) ensuring

that the sale closes, that the plan is confirmed and that the Debtor avoids a conversion

to Chapter 7.

WHEREFORE, the Committee respectfully prays that the Court enter an

Order (i) denying the Dismissal Motion, and (ii) granting the Committee such other and

further relief as the Court deems just and proper.

Dated: April 16, 2024

Respectfully submitted,


By:_____/s/ Jonathan A. Backman_____


Jonathan A. Backman
Law Office of Jonathan A. Backman
117 North Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
FAX: (309) 820-7430
jbackman@backlawoffice.com
*Lead Counsel for the Official Committee*
  *Of Unsecured Creditors*

---

[2]    As discussed in the Committee's second request for an extension of time to file this response, the Committee noted that the Debtor — in its (understandable) frustration with the events at issue here — filed a Second Amended Plan that purports to prevent Chapter 5 claims from vesting in the Committee if the Committee has not been "reconstituted" by April 30, 2024.  Doc 1698 at 3 fn. 1.  Although the Committee there stated that it would discuss this issue further in this response, the Committee has decided instead to address and seek to resolve this issue with the Debtor prior to the April 30 deadline.

## CERTIFICATE OF SERVICE

I, Jonathan A. Backman, hereby certify that on April 16, 2024, I

electronically filed the above and foregoing **Response of the UCC to Debtor's Motion to**

**Dismiss Creditors' Committee** with the Clerk of the  Court using the CM/ECF system,

which will send notification of such filing to the Office of the United States Trustee, and

to the following CM/ECF recipients:

Charles A. Cuprill, on behalf of the Debtor ESJ Towers, Inc.
cacuprill@cuprill.com

Julio Guzman Carcache on behalf of US Trustee
julio.guzman@usdoj.gov

Monsita Lecaroz Arribas, on behalf of the Office of the US Trustee
ustpregion21.hr.ecf@usdoj.gov

Alberto O Lozada Colon, on behalf of Miguel Montalvo Del Toro
lozada1954@hotmail.com

Alfredo Fernández-Martínez on behalf of Oriental Bank
afernandez@delgadofernandez.com

Alicia I Lavergne Ramirez on behalf of Expedia, Inc.
alavergne@lsplawpr.com

Antonio a Arias Larcada on behalf of McConnell Valdes LLC
aaa@mcvpr.com

Arturo Gonzalez Martin on behalf of Ballester Hermanos
agm017@yahoo.com

Brian K. Tester, behalf of ATWH, LLC, and Keith St. Clair.
btester@talawpr.com

Briseida Y. Delgado Miranda on behalf of Diana Racobaldo
delgadomirandalaw@gmail.com

Carlos Infante on behalf of Florence Paley-Cohen
cinfante@estrellallc.com

-i-

Carlos R. Baralt Suarez, on behalf of Oriental bank
cbaralt@delgadofernandez.com

Carmen Priscilla Figueroa on behalf of CRIM
cfigueroa@crimpr.net;

Carol J. Tirado Lopez on behalf of Chubb Insurance Company of Puerto Rico
ctirado@vilarinolaw.com

Carolina Velaz Rivero on behalf of Parliament High Yield Fund, LLC, Attenure
Holdings Trust 1 and HRH Property Holdings LLC
cvelaz@mpmlawpr.com

Charline Michelle Jimenez Echevarria on behalf of First Insurance Funding a Division
of Lake Forest Bank& Trust Company, N.A
bk@cjlegal.info

Cristina a Fernandezrodriguez on behalf of Storm King Windows & Doors, Inc
caf@mcdlawllc.com

Edgar Alberto Vega Rivera Popular Auto
edvega@bppr.com

Eduardo Jose Cobian Roig, on behalf of Puerto Rico Tourism Company
eduardo@cobianroig.com

Eduardo M Veray on behalf of Banco Popular PR - Special Loans
edvega@bppr.com

Francisco J Ramos Gonzalez on behalf of Alm Engineering, PSC
fjramos@coqui.net

Hector Juan Figueroavincenty on behalf of ALMA FLORAN
quiebras@elbufetedelpueblo.com

Herman G. Colberg Guerra on behalf of Acrecent Financial Corporation
hcolberg@pmalaw.com

Ignacio Labarca Morales on behalf of Attenure Holdings Trust 1, Hrh Property
HoldingsLLC, Parliament High Yield Fund, LLC.
ilabarca@mpmlawpr.com

Ivan Garau on Behalf of Luma Energy Servco LLC, Luma Energy LLC.
van.garau@us.dlapiper.com

-ii-

Javier Vilarino on behalf of Chubb Insurance Company of Puerto Rico
jvilarino@vilarinolaw.com

José Bagué, on behalf of ESJ Towers Condominium Homeowners Association.
jbague@dtslaw.com

Julio C. Alejandro on behalf of Committee of Unsecured Creditors for ESJ Towers, Inc.
alejandroj.abogadopr@gmail.com,mako_alex@yahoo.com

Luis C. Marini Biaggi, on behalf of Parliament High Yield Fund, LLC, Attenure Holdings Trust 1, and HRH Property Holdings LLC
lmarini@mpmlawpr.com

Manuel A. Segarra Vazquez, on behalf of Liberty Communications of Puerto Rico LLC
masvlaw@gmail.com

Margarita Mercado Echegaray on behalf of Luma Energy LLC, and LUMA Energy Servco LLC, margaritalmercado@gmail.com

Maria Soledad Lozadafigueroa, on behalf of Alma Floran and the Vacation Owners Association
msl@lozadalaw.com

Maria Mercedes Figueroa Y Morgade on behalf of Susan T. Frost
figueroaymorgadelaw@yahoo.com

Maristella Sánchez Rodríguez on behalf of Oriental Bank
msanchez@delgadofernandez.com

Mark J Wolfson on behalf of Colebrook Financial Company, LLC
masvlaw@gmail.com

Migda L Rodriguez Collazo, on behalf of Treasury Department of the Commonwealth of Puerto Rico
bankruptcyjusticia.gobierno.pr@gmail.com

Miguel a Rodriguez Robles on behalf of Clifton Onolfo and Global Cities Capital Associates, LLC
miguelrodriguezrobles@gmail.com

Monique Diaz Mayoral, on behalf of ESJ Towers Condominium Homeowners Association
m@diazmayorallaw.com

Myrna L. Ruiz-Olmo, as former counsel to the Committee

-iii-

mro@prbankruptcy.com

Nanette Rickenbach on behalf of Nfusion Consultancy
nrickenbach@rickenbachpr.com

Nilda M. Gonzalez Cordero on behalf of Leticia Hernandez Cardona
ngonzalezc@ngclawpr.com

Noemi Landrau Rivera on behalf of Susan T. Frost
nlandrau@landraulaw.com

Pedro J Lopez Bergollo on behalf of US Small Business Administration
pedro.lopez-bergollo@sba.gov

Rachel Ehrlich Albanese, on behalf of Luma Energy and Luma Energy Servco, LLC,
rachel.albanese@dlapiper.com

Robert Moskalewicz, on behalf of Luma Energy LLC, and LUMA Energy
robert.moskalewicz@us.dlapiper.com

Sergio a Ramirez De Arellano on behalf of Colebrook Financial Company, LLC
sramirez@sarlaw.com


     /s/ Jonathan A. Backman    

-iv-