IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF PUERTO RICO

IN RE:

ESJ TOWERS, INC. D/B/A
MARE ST. CLAIR HOTEL,

CASE NO.: 22-01676 (ESL)
CHAPTER 11

DEBTOR.

### UCC'S SUPPLEMENTAL POSITION STATEMENT IN RESPONSE TO DEBTOR'S MAY 1, 2024, POSITION STATEMENT ON MOTION TO DISMISS CREDITORS' COMMITTEE

The Official Committee of Unsecured Creditors (the "UCC" or the "Committee") of ESJ Towers, Inc. (the "Debtor"), by its undersigned counsel in the above-captioned Chapter 11 case (the "Case"), and in compliance with this Court's Order of May 2, 2024, respectfully submits this supplemental position statement in opposition to Debtor's Motion to Dismiss Creditors' Committee, as filed on March 19, 2024 (the "Dismissal Motion") [Doc 1660], and then further supported by the Debtor's May 1, 2024 [Doc 1767], response to the Committee's original response to the Dismissal Motion (as filed on April 16, 2024, as Doc 1719) (the "Initial Committee Response").

In short, the events that have transpired since the Debtor filed its Dismissal Motion, and the Committee filed its Initial Response, have wholly eliminated any reason for the Court to consider a dismissal or reconstitution of the Committee.

Prior to the Auction of the Debtor's assets on May 8, 2024, no question existed that the HOA and the Committee possessed a potential conflict of interest. This was so because:

(a)     Fortaleza had offered $13.5 million for the Debtor's operating assets;

(b)     Oriental Bank was insisting on receiving at least approximately $9.8 million from the asset sale;

(c)     Of the resulting $3.7 million carve-out for all other creditors and administrative claimants, there would have been insufficient funds to pay the $750,000 carve-out guarantied to unsecured creditors and the far more than $1.2 million that the HOA was asserting as its administrative claim against the Debtor's estate;[1] and thus

(d)     the best interests of the Committee lay in (i) <u>minimizing</u> the HOA's administrative claim, and (ii) supporting the <u>Debtor's</u> position that the Court could approve the sale to Fortaleza free and claim of the HOA's right to impose purchaser liability on Fortaleza under applicable non-bankruptcy law.

As discussed in the <u>Combined Motion of the UCC and Committee Counsel to Inform the Court of Counsel's Medical Emergency and of the Committee's Sale-Related Conduct</u> (the "Informational Motion"), as filed on March 20, 2024, the foregoing conflict came to a head during the week of March 11, 2024, when Chana Cohen (the HOA representative on the Committee) lobbied the other Committee members (a) to override Mr. Backman's legal advice to the Committee that the HOA

---

[1]     The significance of the $1.2 million figure is that the Debtor's Amended Disclosure Statement, as filed in November 2023, calculated the Committee's administrative claim as slightly more that $1.2 million, and projected that the Debtor would have sufficient funds at the time of the sale to pay Oriental its required $9.8 million in sale proceeds and also pay the HOA administrative claim in full.  Yet, by the second week of March 2024, it was obvious that the HOA claim was going to far exceed that amount because the Debtor has ceased paying maintenance fees to the HOA as of December 2023 or January 2024.  So even if the $1.2 million figure has been correct in November 2023 — which the HOA disputed — it plainly was inaccurate by March 2024.

should recuse itself from Committee discussions and votes on the sale, and (b) to terminate Mr. Backman as Committee counsel.

By the time of the Committee's Initial Response to the Dismissal Motion, the Committee had decided not to terminate Mr. Backman as its lead counsel, and the HOA had agreed to recuse itself from discussions and/or votes as to any matter that Mr. Backman identified as a conflict. Thus, the Committee argued that no need existed to dismiss or reconstitute the Committee.

Still, until the Auction, the conflict between the UCC and the HOA remained. And while the Committee and its counsel were confident that the HOA would never again seek to utilize the UCC as an arm of the HOA, the Debtor possessed legitimate concerns that, especially in view of hostility between the HOA and the Debtor, the HOA's presence on the three-member Committee could impact, even if subtly, the Committee's positions (for which, of course, the Debtor is footing the bill).

The Auction, however, has eliminated this issue. This is so because as reported by the Debtor today, the bidding at the Auction increased Fortaleza's bid by $4.5 million — to $18 million. Thus, the sale proceeds will enable the Debtor to pay the HOA's administrative claim in full, and so the conflict described above has evaporated.

Moreover, the results of the Auction aside, the nearly two months that have passed since the Debtor filed the Dismissal Motion — and the events surrounding the Auction itself — have demonstrated the HOA's commitment to use its position on the Committee to advance and protect the UCC and, most important, its constituents (of which the HOA is likely the largest).

For example, when the Debtor (presumably inadvertently) failed to notify the Committee that the Debtor had received a qualified competing bid that would necessitate an Auction on May 8, 2024, it was Ms. Cohen who notified Mr. Backman of the UCC's omission from the Debtor's Auction notice, and then sent the notice to him.

What's more, during the Auction itself, with Mr. Backman monitoring the Auction by phone from Illinois, it was Ms. Cohen who reported to Mr. Backman on literally a minute-by-minute basis of the bidding, of the breaks therein, and of the issues that arose between among the Debtor, Fortaleza and the competing bidder.

WHEREFORE, the Committee respectfully prays that the Court enter an Order (i) denying the Dismissal Motion, and (ii) granting the Committee such other and further relief as the Court deems just and proper.

Dated: May 9, 2024

Respectfully submitted,


By:_____/s/ Jonathan A. Backman_____


Jonathan A. Backman
Law Office of Jonathan A. Backman
117 North Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420
FAX: (309) 820-7430
jbackman@backlawoffice.com
*Lead Counsel for the Official Committee
 Of Unsecured Creditors*

4

## CERTIFICATE OF SERVICE

I, Jonathan A. Backman, hereby certify that on May 9, 2024, I electronically filed the above and foregoing **UCC's Supplemental Position Statement in Response to Debtor's May 1, 2024, Position Statement on Motion to Dismiss Creditors' Committee** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Office of the United States Trustee, and to the following CM/ECF recipients:

Charles A. Cuprill, on behalf of the Debtor ESJ Towers, Inc.
cacuprill@cuprill.com

Julio Guzman Carcache on behalf of US Trustee
julio.guzman@usdoj.gov

Monsita Lecaroz Arribas, on behalf of the Office of the US Trustee
ustpregion21.hr.ecf@usdoj.gov

Alberto O Lozada Colon, on behalf of Miguel Montalvo Del Toro
lozada1954@hotmail.com

Alfredo Fernández-Martínez on behalf of Oriental Bank
afernandez@delgadofernandez.com

Alicia I Lavergne Ramirez on behalf of Expedia, Inc.
alavergne@lsplawpr.com

Antonio a Arias Larcada on behalf of McConnell Valdes LLC
aaa@mcvpr.com

Arturo Gonzalez Martin on behalf of Ballester Hermanos
agm017@yahoo.com

Brian K. Tester, behalf of ATWH, LLC, and Keith St. Clair.
btester@talawpr.com

Briseida Y. Delgado Miranda on behalf of Diana Racobaldo
delgadomirandalaw@gmail.com

Carlos Infante on behalf of Florence Paley-Cohen

-i-

cinfante@estrellallc.com

Carlos R. Baralt Suarez, on behalf of Oriental bank
cbaralt@delgadofernandez.com

Carmen Priscilla Figueroa on behalf of CRIM
cfigueroa@crimpr.net;

Carol J. Tirado Lopez on behalf of Chubb Insurance Company of Puerto Rico
ctirado@vilarinolaw.com

Carolina Velaz Rivero on behalf of Parliament High Yield Fund, LLC, Attenure
Holdings Trust 1 and HRH Property Holdings LLC
cvelaz@mpmlawpr.com

Charline Michelle Jimenez Echevarria on behalf of First Insurance Funding a Division
of Lake Forest Bank& Trust Company, N.A
bk@cjlegal.info

Cristina a Fernandezrodriguez on behalf of Storm King Windows & Doors, Inc
caf@mcdlawllc.com

Edgar Alberto Vega Rivera Popular Auto
edvega@bppr.com

Eduardo Jose Cobian Roig, on behalf of Puerto Rico Tourism Company
eduardo@cobianroig.com

Eduardo M Veray on behalf of Banco Popular PR - Special Loans
edvega@bppr.com

Francisco J Ramos Gonzalez on behalf of Alm Engineering, PSC
fjramos@coqui.net

Hector Juan Figueroavincenty on behalf of ALMA FLORAN
quiebras@elbufetedelpueblo.com

Herman G. Colberg Guerra on behalf of Acrecent Financial Corporation
hcolberg@pmalaw.com

Ignacio Labarca Morales on behalf of Attenure Holdings Trust 1, Hrh Property
HoldingsLLC, Parliament High Yield Fund, LLC.
ilabarca@mpmlawpr.com

Ivan Garau on Behalf of Luma Energy Servco LLC, Luma Energy LLC.

-ii-

van.garau@us.dlapiper.com

Javier Vilarino on behalf of Chubb Insurance Company of Puerto Rico
jvilarino@vilarinolaw.com

José Bagué, on behalf of ESJ Towers Condominium Homeowners Association.
jbague@dtslaw.com

Julio C. Alejandro on behalf of Committee of Unsecured Creditors for ESJ Towers, Inc.
alejandroj.abogadopr@gmail.com,mako_alex@yahoo.com

Luis C. Marini Biaggi, on behalf of Parliament High Yield Fund, LLC, Attenure
Holdings Trust 1, and HRH Property Holdings LLC
lmarini@mpmlawpr.com

Manuel A. Segarra Vazquez, on behalf of Liberty Communications of Puerto Rico LLC
masvlaw@gmail.com

Margarita Mercado Echegaray on behalf of Luma Energy LLC, and LUMA Energy
Servco LLC, margaritalmercado@gmail.com

Maria Soledad Lozadafigueroa, on behalf of Alma Floran and the Vacation Owners
Association
msl@lozadalaw.com

Maria Mercedes Figueroa Y Morgade on behalf of Susan T. Frost
figueroaymorgadelaw@yahoo.com

Maristella Sánchez Rodríguez on behalf of Oriental Bank
msanchez@delgadofernandez.com

Mark J Wolfson on behalf of Colebrook Financial Company, LLC
masvlaw@gmail.com

Migda L Rodriguez Collazo, on behalf of Treasury Department of the Commonwealth of
Puerto Rico
bankruptcyjusticia.gobierno.pr@gmail.com

Miguel a Rodriguez Robles on behalf of Clifton Onolfo and Global Cities Capital
Associates, LLC
miguelrodriguezrobles@gmail.com

Monique Diaz Mayoral, on behalf of ESJ Towers Condominium Homeowners
Association
m@diazmayorallaw.com

-iii-

Myrna L. Ruiz-Olmo, as former counsel to the Committee
mro@prbankruptcy.com

Nanette Rickenbach on behalf of Nfusion Consultancy
nrickenbach@rickenbachpr.com

Nilda M. Gonzalez Cordero on behalf of Leticia Hernandez Cardona
ngonzalezc@ngclawpr.com

Noemi Landrau Rivera on behalf of Susan T. Frost
nlandrau@landraulaw.com

Pedro J Lopez Bergollo on behalf of US Small Business Administration
pedro.lopez-bergollo@sba.gov

Rachel Ehrlich Albanese, on behalf of Luma Energy and Luma Energy Servco, LLC,
rachel.albanese@dlapiper.com

Robert Moskalewicz, on behalf of Luma Energy LLC, and LUMA Energy
robert.moskalewicz@us.dlapiper.com

Sergio a Ramirez De Arellano on behalf of Colebrook Financial Company, LLC
sramirez@sarlaw.com

_____/s/ Jonathan A. Backman_____

-iv-