**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **ESJ TOWERS, INC.** | **CASE NO. 22-01676 (ESL)** |
| **DEBTOR** | |
| | **CHAPTER 11** |

**THIRD CONSENTED TO SUPPLEMENT TO SECOND AMENDED PLAN**

**TO THE HONORABLE COURT:**

1.      On April 24, 2024, Debtor filed its Second Amended Plan (Docket No. 1744), as supplemented on May 9, 2024 (Docket No. 1792) (the "Plan").

2.      As a result of receiving a timely second qualified bid an Auction was conducted on May 8, 2024, pursuant to the Amended Bidding Procedures approved by the Court.

3.      As disclosed in Debtor's Motion to Inform the Successful Bidder Pursuant to the Auction Held on May 8, 2024, filed at Docket No. 1790, the highest bid for Debtor's assets was for $18,000,000.00 followed by a second bid for $17,950,000.00.

4.      Consequently, under either scenario, assuming the confirmation of the highest bid by the Court, Parliament High Yield Fund, LLC's ("Parliament") claim is now partially secured claim due to the proposed sales price of Debtor's assets for $18,000,000.00, which is in excess of the (first rank) secured claims of Oriental Bank ("Oriental").

5.      After significant negotiations by and between Debtor, Oriental Bank, Parliament, the Council of Homeowners of the ESJ Towers Condominium Association

**ESJ TOWERS, INC.**                                        **Case No. 22-01676 (ESL)**

*THIRD CONSENTED SUPPLEMENT TO SECOND AMENDED PLAN*         Page 2

---

(the "HOA"), Colebrook Financial Company, Inc., and the Official Committee of Unsecured Creditors (the "Committee"), and as indicated for the record during the hearing on the confirmation of the Plan the following agreements were reached requiring that the Plan be further supplemented:

### 6. 2.2 ADMINISTRATIVE EXPENSE CLAIMS

(a) <u>General</u>

Except as otherwise agreed to by Debtor and the Holder of an Allowed Administrative Expense Claim, including Professional Fees, US Trustee Quarterly Fees, post-petition accounts payable, administrative expense claims of LUMA Energy, Oriental, and others, including the HOA's Administrative Expense Claim in the settled amount of $1,300,000.00 each such Holder shall be paid in full in the regular course of business or as authorized by the Court, on or before the Effective Date, from the proceeds of the sale of Debtor's assets.

Except as to the HOA's Administrative Expense Claim for $1,300,000.00, to be paid by Debtor in full settlement and release of all of the HOA's claims and causes of action against Debtor and its estate, all disputes regarding any portion of all other Administrative Expense Claims, Debtor shall pay such disputed portion of the Claim within thirty (30) days after the entry of a Final Order with respect to the allowance of such disputed Administrative Expense Claim. Debtor will reserve the necessary funds to meet these payments.

Debtor will pay LUMA Energy's Administrative Expense Claim, as billed thereby to Debtor up to May 31, 2024, subject to its reconciliation by LUMA Energy and Debtor, Debtor having reserved the necessary funds to meet this payment.

**ESJ TOWERS, INC.**                                              **Case No. 22-01676 (ESL)**

*THIRD CONSENTED SUPPLEMENT TO SECOND AMENDED PLAN*                    Page 3

Commencing on June 1, 2024, Debtor will pay its portion of the electric service until the closing of the sale of Debtor's assets, the HOA will open a new account with LUMA and will be responsible for paying electric service for the deeded vacation units and/or will be responsible for its share of said service until the new account is in place.

Included as **Exhibit I** hereto is a list of the projected payments to Holders of Administrative Expense Claims.

### Class 6 – Holders of Allowed General Unsecured Claims

(a) <u>Impairment and Voting</u> – Class 6 is impaired under the Plan and entitled to vote to accept or reject the Plan.

(b) <u>Treatment</u> – (i) From the proceeds of the sale of Debtor's assets and pursuant to the agreed carve-out of **$1,050,000.00** Debtor will distribute $1,025,000 pro-rata on the Effective Date among the Holders of Allowed General Unsecured Claims, including the Claims of BMF Capital, LLC, Green Capital Funding, Colebrook Financial, Inc,[1] the HOA's claims number 98, 99, 100, 101 and 102, and High-Speed Capital, and the deficiency claims of Parliament and Oriental; provided, however, (A) that if the Committee has objected to any otherwise Allowed General Unsecured Claims on or before to the Effective Date (a "Committee Objection"), then Debtor will hold in reserve the amounts payable to the applicable Holder until such time as the Objection is resolved by a final order; and (B) in the event that any such

---

[1] As it appears from Docket No. 1830, Colebrook Financial Company, Inc.'s has withdrawn its objection to the Confirmation of the Plan and settled its claims against Debtor as set forth therein.

**ESJ TOWERS, INC.** **Case No. 22-01676 (ESL)**

*THIRD CONSENTED SUPPLEMENT TO SECOND AMENDED PLAN* Page 4

---

Holder's claim has been reduced by the Committee Objection, then Debtor

will (I) pay to such Holder the share of its reserved amount, if any, that

remains payable, and (II) hold the remaining share of such reserved amount

in reserve for later distribution to the Holders of Allowed General Unsecured

Claims;

(ii) The $25,000 balance of the **$1,050,000.00** carve-out for Holders of

Allowed General Unsecured Claims will be transferred to the Committee or

the Post Confirmation Committee ("PCC") exclusively to cover out-of-pocket

costs and expenses (but not attorneys' fees) incurred by the Committee or

the PCC in pursuing the Claims (as hereinafter defined); and the Committee

or the PCC shall hold such $25,000 in an escrow or trust account, together

with any recoveries by the Committee or the PCC from the Claims (the

"Committee Escrow Account"), with costs and expenses subject to approval

by Debtor, or if Debtor declines to approve the use of such funds, then

subject to the approval by the Court; provided, however, (A) that the

Committee or the PCC will seek approval of its counsel's fees, and of the

Committee's or PCC's or counsel's costs and expenses, no less frequently

than once every approximately 180 days, and (B) that if Debtor and the

Court both decline such approval, then counsel for the Committee or the

PCC shall be liable to return the unapproved amounts to Debtor for pro-

rata distribution to Holders of Allowed General Unsecured Claims; and

(iii) As of the Effective Date, and pursuant to section 1123(b)(3)(B), the

Committee or the PCC is appointed as the representative of Debtor and its

_____

estate to pursue, for the benefit of the Holders of Allowed General Unsecured Claims, (A) the Claims and Causes of Action that the Committee was granted standing to pursue under the terms and conditions of the Stipulation filed by Debtor and the Committee (Docket No. 1734) and approved by the Court on May 6, 2024 (Docket No.1774), and (B) any other Claims or Causes of Action, including but not limited to those under Chapter 5 of the Bankruptcy Code (sections 542, 544, 545, 547, 548, 549, 550 and 553), subject to any valid and perfected liens thereon (collectively the "Committee Claims"), with any net proceeds from the Committee Claims to be held in the Committee Escrow Account pending turnover to Debtor at such times and in such amounts as Debtor may reasonably request and then distributed pro-rata to the Holders of Allowed General Unsecured Claims in the same manner and under the same conditions as Debtor shall distribute the original carved-out funds.

(iv) In the event that counsel for the Committee or the PCC who is pursuing the Committee Claims on a contingency basis ("Lead Committee Counsel") retains local or special counsel, or a financial consultant, to assist him (the "Other Committee Professionals"), then the Committee may pay the fees and expenses of such Other Committee Professionals from the net proceeds of the Committee Claims (subject to Debtor or Court approval); provided, however, that if insufficient net proceeds exist to pay such professionals, then Lead Committee Counsel may (but shall not be required to) pay such

**ESJ TOWERS, INC.**                                               **Case No. 22-01676 (ESL)**

*THIRD CONSENTED SUPPLEMENT TO SECOND AMENDED PLAN*                    Page 6

___

fees from his allowed contingent fees or otherwise without violating the rule against the sharing of fees by counsel for a debtor or a committee.

(v) On or before the Effective Date, Debtor and the Committee shall mutually and reasonably determine whether the Committee shall have the powers and obligations of this Section or will instead appoint a PCC that shall have such powers and obligations; provided, however, that if the Committee has not been reconstituted by the Effective Date, then Debtor may, in its sole and absolute discretion, determine that the Committee must appoint a PCC from the members of the Committee (exclusive of the HOA) and with one or more additional members to whom the Committee and Debtor reasonably agree.

(c) <u>Committee Objections</u> - Anything in this Plan or this Section to the contrary notwithstanding, (i) the Committee or the PCC, on or before the Effective Date, may file a Committee Objection as to any claim of any creditor against whom the Committee files a Committee Claim, and (ii) where the Committee's pursuit of a Committee Claim results in a substantial reduction of a creditor's claim in exchange for a limited or no recovery on the Committee Claim, Lead Committee counsel may request, from Debtor or the Court, a quantum meruit award in lieu of or in addition to his contingency fee, provided (A) that any such quantum meruit award will be based on and limited by the benefit to Holders of Allowed General Unsecured Claims of the reduction in the creditor's claim, and (B) any such fee shall be payable only from the net proceeds of the Committee Claims.

**ESJ TOWERS, INC.**                                    **Case No. 22-01676 (ESL)**

*THIRD CONSENTED SUPPLEMENT TO SECOND AMENDED PLAN*          Page 7

---

(d) <u>Dissolution of Committee</u> -Except as otherwise provided in this Section, on the Effective Date, the Committee shall dissolve, and the members of the Committee shall be released and discharged from all rights and duties arising from or related to this Bankruptcy Case. On the Effective Date, all of Debtor's claims or rights of action, if any, against any member of the Committee arising out of its actions or inactions as a Committee member prior to the Effective Date, and any officer, director, employee, or agent of the Committee or a Committee member, shall be compromised, settled, and released in consideration of the terms of this Plan.

7.      Included as **Exhibit II** hereto are projected distributions to all Classes.

8.      Therefore, the Plan is to be deemed amended and supplemented as indicated above.

[Signature Page Follows]

**ESJ TOWERS, INC.**                                   Case No. 22-01676 (ESL)

*THIRD CONSENTED SUPPLEMENT TO SECOND AMENDED PLAN*          Page 8

| | |
|---|---|
| */s/ Charles A. Cuprill Hernandez*<br>Charles A. Cuprill- Hernández<br>USDC-P.R. No. 114312<br>Charles A. Cuprill, P.S.C., Law Offices<br>Counsel for Debtor<br>356 Fortaleza Street, Second Floor<br>San Juan, P.R. 00901<br>Tel.: 787-977-0515<br>Fax: 787-977-0518<br>E-mail: ccuprill@cuprill.com | *s/ Jonathan A. Backman*<br>Jonathan A. Backman<br>Law Office of Jonathan A. Backman<br>117 North Center Street<br>Bloomington, Illinois 61701-5001<br>(309) 820-7420<br>FAX:(309)820-7430<br>jbackman@backlawoffice.com<br>Lead Counsel for the Official Committee Of Unsecured Creditors |
| *S/ Alfredo Fernández Martínez*<br>Alfredo Fernández Martínez<br>USDC-PR #210511<br>DELGADO & FERNÁNDEZ, LLC<br>PO Box 11750<br>Fernández Juncos Station<br>San Juan, Puerto Rico 00910-1750<br>(787) 274-1414 6<br>(787) 764-8241<br>afernandez@delgadofernandez.com | s/ *Luis C. Marini-Biaggi*<br>Luis C. Marini-Biaggi<br>USDC No. 222301<br>M \| P \| M MARINI PIETRANTONI MUÑIZ LLC<br>Attorneys for Parliament High Yield Fund, LLC, Attenure Holdings Trust 1 and HRH Property Holdings LLC<br>250 Ponce de León Ave. Suite 900<br>San Juan, PR 00918<br>Tel.:(787)705-2171<br>E-mail: lmarini@mpmlawpr.com |
| s/ *José A. Bagué Soto*<br>José A. Bagué Soto<br>USDC-PR 213205<br>DTS LAW, LLC<br>Attorneys for ESJ Towers Condominium Homeowners Association<br>221 Plaza, Suite 801 221 Ponce de León Ave. San Juan, Puerto Rico 00917-1804<br>Telephone: (787) 754-8700<br>Email: jbague@dtslaw.com | s/ *Sergio A. Ramírez de Arellano*<br>Sergio A. Ramírez de Arellano<br>USDC No. 126804<br>SARLAW LLC<br>Attorneys for Colebrook Financial Company, Inc.<br>Banco Popular Center, Suite 1022<br>209 Muñoz Rivera Avenue<br>San Juan, PR 00918-1009<br>Tel.: (787) 765-2988<br>Fax No. (787) 765-2983<br>sramirez@sarlaw.com |

Dated: May 17, 2024

CERTIFICATE OF SERVICE: I hereby certify that on this same

date, I electronically filed the foregoing with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to the Assistant US

**ESJ TOWERS, INC.**                          **Case No. 22-01676 (ESL)**

*THIRD CONSENTED SUPPLEMENT TO SECOND AMENDED PLAN*       Page 9

---

Trustee and to all CM/ECF participants.


San Juan, Puerto Rico, this 17th day of May 2024.


                */S/ Charles A. Cuprill Hernandez*
                Charles A. Cuprill- Hernández
                USDC-P.R. No. 114312
                Charles A. Cuprill, P.S.C., Law Offices
                Counsel for Debtor
                356 Fortaleza Street, Second Floor
                San Juan, P.R. 00901
                Tel.: 787-977-0515
                Fax: 787-977-0518
                E-mail: ccuprill@cuprill.com